# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD JOE BLACK | CIVIL ACTION NO. 05-2187-P |
| VERUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Petitioner Harold Joe Black's Motion for Reconsideration (Record Document 113) of this Court's denial of his Motion for Court Order Not to Transfer. Petitioner complains that his motion was denied for failure to cite legal text and again cites "Federal Criminal Code Procedure Rule 23," stating:

> The specific legal text authorities is located in Federal Criminal Code And procedure's Id. at rule 23 (a) pertinent unambiguous subsection, "the person having custody to the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."

Id. at 1.

The Fifth Circuit has adopted the rule that courts should liberally construct the pleadings of a *pro se* plaintiff. See Perez v. U.S., 312 F.3d 191, 194-195 (5th Cir. 2002). Under this rule, a liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts. See Callahan v. C.I.R., Civ. A. 99-0295-C-M1, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000). *Pro se* plaintiffs are required to know their legal rights and abide by all applicable procedural rules. See Boswell v. Gov. of Texas, 138 F.Supp.2d 782, 785 (N.D.Tex. 2000).

Here, the Court has once again reviewed numerous procedural rules on its own, as Petitioner did not adequately point the Court to "Federal Criminal Code Procedure Rule

23." The Court now believes that Petitioner is referencing Federal Rule of *Appellate Procedure* 23, which provides in pertinent part:

> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

F.R.A.P. 23(a). Rule 23(a), which supplies a rule of appellate procedure, is inapplicable to the instant matter at this time.

Petitioner's Section 2254 motion is currently pending before the Court. Thus, there is no decision to review at this time because there has been no "decision in a habeas corpus proceeding." Rule 23(a) is applicable only after a decision on Petitioner's Section 2254 has been rendered by this Court and such decision is under review by the United States Court of Appeals for the Fifth Circuit.

Petitioner also claims that due to the Court's denial of his Motion for Court Order Not to Transfer, he will miss his objection deadline to respond to the pending Report and Recommendation of the Magistrate Judge. Petitioner was granted an extension of time until April 30, 2009 to respond to the Report and Recommendation. See Record Document 107. On April 28, 2009, Petitioner timely filed a 91 page objection, accompanied by over 200 pages of exhibits, to the Report and Recommendation. See Record Document 111. Thus, his claim that he will miss his objection deadline is **MOOT**.

Accordingly,

**IT IS ORDERED** that Petitioner Harold Joe Black's Motion for Reconsideration

(Record Document 113) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 4th day of May, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE